UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X  NOT FOR PUBLICATION
SHEILA BOOKER,

                     Plaintiff,                MEMORANDUM AND ORDER

      -against-                           06-CV-2146 (RER)

BWIA WEST INDIES AIRWAYS LIMITED,


                     Defendant.
-------------------------------------------------------------X

**RAMON E. REYES, JR., U.S.M.J.:**

      Before this Court is BWIA West Indies Airways Limited's ("defendant" or "BWIA") motion for partial summary judgment.[1] Plaintiff Sheila Booker ("plaintiff"or Booker") brought this action seeking damages for stolen and damaged baggage, intentional and negligent infliction of emotional distress, deceptive business practices and conversion/negligence. Defendant contends that plaintiff's state law claims are preempted by the Montreal Convention of 1999[2] (the "Montreal Convention"), that she cannot recover for emotional injuries under the Montreal Convention, and that its liability, if any, for plaintiff's stolen and damaged baggage is limited under the Montreal Convention. For the reasons set forth below, defendant's motion for partial summary judgment is granted in part.[2]

---

    [1] The parties have consented to my jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

    [2] Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal on 28 May 1999, ICAO Doc. No. 9740 (entered into force on November 4, 2003), *reprinted in* S. Treaty Doc. No. 106-45, 1999 WL 33292734 ("Montreal Convention of 1999").

Facts

At the outset, the Court notes that plaintiff has failed to submit a counter statement of disputed facts in accordance with Local Rule 56.1. Therefore, the following facts, taken from defendant's Local Rule 56.1 statement, are deemed admitted.

In November 2004, plaintiff purchased roundtrip tickets for BWIA Flight 425 from John F. Kennedy Airport to Georgetown, Guyana on December 17, 2004. Statement of Facts Pursuant to Local Rule 56.1 ("Def's 56.1 Stmt") ¶ 3. On December 17, 2004, plaintiff boarded Flight 425 with her three-year old daughter. Plaintiff and her daughter were the last two passengers to board the plane. *Id.* ¶ 4, 5.

As the plane was preparing to depart, plaintiff was required to surrender her two pieces of carry-on baggage against her will. *Id.* ¶ 6. Plaintiff was given two baggage claim checks for her baggage. *Id.* ¶ 7.

At no time did plaintiff remove any items from her baggage nor did she disembark the plane. Def's 56.1 Stmt ¶ 8. When plaintiff arrived in Guyana her two pieces of baggage were missing. *Id.* ¶ 9. Plaintiff filed a Baggage Claim Report and listed the contents as cash, jewelry and Christmas cards. *Id.* ¶ 10, 11. At her deposition, plaintiff testified that the baggage also contained medication. *Id.* ¶ 15. Approximately four days after her arrival, plaintiff's baggage arrived in Guyana. *Id.* ¶ 14.

When she received her baggage she discovered that items were missing: $5,000 in cash, jewelry worth $6,400, and $390 in Christmas cards, for a total of $11,790. *Id.* ¶ 16. During her deposition, plaintiff testified that she suffered "great emotional stress" as a result of the baggage being delayed. *Id.* ¶ 17, 19.

On April 17, 2006, plaintiff filed the complaint in Supreme Court of New York, Kings County alleging intentional infliction of emotional distress, negligent infliction of emotional distress, deceptive business practice, conversion/negligence and seeking damages for her stolen and damaged baggage. *Id.*, Ex. A. On May 9, 2006, defendant removed the action to this Court. Docket Entry 1. Defendant filed the instant motion for partial summary judgment on March 21, 2007. Docket Entry 32.

## Discussion

A.  Summary Judgment Standard

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden is on the moving party to demonstrate the absence of a genuine issue of material fact. *Am. Int'l Group, Inc. v. London Am. Int'l Corp.*, 664 F.2d 348, 351 (2d Cir. 1981). In addition, the court must resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). If, however, the opposing party fails to make a showing of an essential element of its case for which it bears the burden of proof, summary judgment will be granted. *Celotex*, 477 U.S. at 323; *Smith v. Half Hollow Hill Cent. Sch. Dist.*, 349 F. Supp. 2d 521, 524 (E.D.N.Y. 2004).

To overcome a motion for summary judgment, the opposing party must show that there is an issue of material fact in dispute. That is, the disputed fact must be one which "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 242. If the opposing party does not set forth specific facts showing that there is a genuine issue for trial, summary

3

judgment is appropriate. FED. R. CIV. P. 56(c).

Defendant argues that plaintiff's state law claims are preempted by the Montreal Convention because it is the exclusive source of plaintiff's remedy. Defendant further argues that the only viable claim under the Montreal Convention is plaintiff's claim for stolen and damaged baggage, which is subject to a liability limitation of 1000 Special Drawing Rights. Plaintiff, on the other hand, contends that the Montreal Convention does not preempt her state law claims because it does not apply to acts of wilful misconduct. Plaintiff further contends that the liability limitation does not apply because: (1) plaintiff was not allowed to declare a higher value for her baggage; (2) defendant's acts amounted to wilful misconduct; and (3) the loss occurred outside the scope of the Montreal Convention.

B.      Plaintiff's Claims Are Governed Exclusively by The Montreal Convention

The Montreal Convention, entered into force on November 4, 2003, and applies to "all international carriage of persons, baggage or cargo performed by aircraft for reward . . . ." International carriage is defined as any carriage where the place of departure and the place of destination are either (1) situated within the territories of two State Parties, or (2) within the territory of a single State Party if there is an agreed stopping place within the territory of another State, even if that State is not a State Party. Art. 1(2). The Montreal Convention is "applicable to all actions for damages arising in the carriage of passengers, baggage, and cargo, however such claims may be founded." Article 29.

The Montreal Convention succeeded the Warsaw Convention[3] as the treaty governing air

---

[3] Convention for the Unification of Certain Rules Relating to International Transportation by Air, October 12, 1929, 49 Stat. 3000, T.S. No. 876, 137 L.N.T.S. 11 (1934), *reprinted in note following* 49 U.S.C. § 40105 (1997) ("Warsaw Convention").

4

carrier liability. *Paradis v. Ghana Airways Ltd.*, 348 F. Supp. 2d 106, 110 n.4-5 (S.D.N.Y. 2006). The Montreal Convention is "an entirely new treaty that unifies and replaces the system of liability that derives from the Warsaw Convention." *Ehrlich v. Am. Airlines, Inc.*, 360 F.3d 366, 371 n.4 (2d Cir. 2004). Like the Warsaw Convention, however, the Montreal Convention has been construed as having a complete preemptive effect over all claims within its scope. *El Al Israel v. Tseng*, 525 U.S. 155, 161, 175 (1999) (Warsaw Convention); *King v. American Airlines*, 284 F.3d 352, 356-57 (2d Cir. 2002) (same); *Shah v. Pan Am. World Servs., Inc.*, 148 F.3d 84, 97-98 (2d Cir. 1998) (same); *Paradis*, 348 F. Supp. 2d at 111 (noting preemptive effect of Montreal Convention is "substantially the same" as that of Warsaw Convention). The preemptive effect of the Montreal Convention can be found in Article 29 which states

> In the carriage of passengers, baggage and cargo, any action for damages, however founded, whether under this Convention or in contract or in tort or otherwise, can only be brought subject to the conditions and such limits of liability as are set out in this Convention. . .

Plaintiff argues that defendant engaged in wilful misconduct and that therefore, the Montreal Convention does not apply. Plaintiff has cited to no case law, nor is the Court aware of any, which holds that wilful misconduct creates an exception to the applicability of the Montreal Convention. In support of this argument plaintiff relies on a dissenting opinion[4] in *El Al* and an inapposite case, *Koirala v. Thai Airways Int'l, Ltd.*, 126 F.3d 1205 (9 th Cir. 1997). Contrary to plaintiff's assertion, the Court in *Koirala* held that a finding of wilful misconduct lifted the Warsaw Convention's cap on damages, *not* that it created an exception to the Convention's applicability. *Id.* at 1209. In fact, case law reflects just the opposite of plaintiff's contention. *See*

---

[4] Plaintiff cites to Justice Stevens' dissent in *El Al*, in which Justice Stevens argues that the Warsaw Convention was not intended to shield carriers from liability for acts involving wilful misconduct. A dissent, however, is not binding and has absolutely no precedential value.

*El Al Israel*, 525 U.S. at 163 n.7 (noting that liability may be lifted for acts of wilful misconduct); *Dazo v. Globe Airport Security Services*, 295 F.3d 934, 940 (9th Cir. 2002) ("If a plaintiff establishes willful misconduct by the carrier, Article 25 [of the Warsaw Convention] lifts the limits on liability, but the Convention remains the exclusive source for plaintiff's remedy."); *Schopenhauer v. Compagnie Nationale Air France*, 255 F. Supp. 2d 81, 89 (E.D.N.Y. 2003); *In re Air Crash at Belle Harbor, NY, on Nov. 12, 2001*, Nos. 02 MDL 1448, 02 Civ. 6746, 02 Civ. 6747, 2003 WL 21032034, *4 (S.D.N.Y. May 5, 2003).

Moreover, the language of the Montreal Convention itself makes it clear that intentional acts by a defendant merely lifts the limitation of liability rather than remove claims from the Montreal Convention's scope. Article 22(1) limits a carrier's liability to 4 150 Special Drawing Rights per passenger in case of delay of passengers, and Article 22(2) limits it to 1000 Special Drawing Rights per passenger in case of destruction, loss, damage or delay to baggage. However, Article 22(5) provides

> the *foregoing provisions of paragraphs 1 and 2 of this Article shall not apply* if it is proved that the damage resulted from an act or omission of the carrier, its servants and agents, done with intent to cause damage or recklessly and with knowledge that damage will probably result; provided that . . . it is also proved that such servant or agent was acting within the scope of its employment.

Plaintiff's claims are clearly within the scope of the Montreal Convention. Plaintiff's place of departure and place of destination were within the territory of a single State Party, the U.S., and there were agreed stopping places in Port of Spain and Georgetown, Guyana. Thus, plaintiff's flight constitutes international carriage within the meaning of the Montreal Convention. Plaintiff seeks damages for injuries caused by events which are covered by the Montreal Convention, specifically the seizure of her baggage on board the aircraft, and the damage to and

delay of her baggage. Because plaintiff's claims are within the scope of the Montreal Convention her claims are exclusively governed by the Montreal Convention and thus, her state law claims are preempted.

C.  Plaintiff May Not Recover For Emotional Injuries Under The Montreal Convention

The Montreal Convention defines three situations in which a carrier is liable: (1) death or bodily injury of passengers; (2) damage to baggage; and (3) delay of passengers, baggage and cargo. Plaintiff alleges that she suffered emotional distress as a result of the seizure of her baggage, the delay in receiving her baggage and the discovery of the loss of the contents of her baggage. Plaintiff asserts causes of action for intentional and negligent infliction of emotional distress. Pursuant to Article 17(1), a carrier is liable in case of death or bodily injury of a passenger caused by an accident[5] either on board the aircraft, or in the course of any of the

---

[5] Plaintiff contends that because Article 17 provides for recovery for injuries caused by accidents, the Montreal Convention does not preempt state law claims based on wilful misconduct. Plaintiff Memorandum in Opposition ("Pl. Memo") at 8. As an initial matter, the Court notes that Article 17 states "[T]his provision will be construed consistently with the precedent developed under the Warsaw Convention and its related instruments." The "definition of an 'accident,' . . . is not part of the analysis used to determine if the injuries fall within the Warsaw Convention's scope (i.e., because they occurred on board or during the operations of embarkation or disembarkation), but is rather part of the inquiry to determine if the injuries satisfy the Warsaw Convention's liability requirements (i.e., that the injury was caused by an accident and was bodily or had a bodily manifestation)." *Singh v. North Am. Airlines*, 426 F. Supp. 2d 38, 41 n.1 (E.D.N.Y. 2006). Moreover, the Supreme Court addressed this issue in *El Al* when it rejected plaintiff's argument that air carriers will escape liability for their intentional torts if not permitted to bring personal injury claims outside of the terms of the Warsaw Convention. *El Al Israel*, 525 U.S. at 172. The *El Al* Court reiterated that the definition of accident is an "unusual event . . . external to the passenger" and that "[t]his definition should be flexibly applied." *Id.* (quoting Air *France v. Saks*, 470 U.S. 392, 405 (1985). Defendants argue that no accident occurred because requiring a passenger to check her carry on baggage is not an unusual event. However, plaintiff alleges that defendant seized her baggage with the knowledge that it contained medical supplies but refused to allow her to remove them from her baggage. Forcing a passenger to relinquish medical supplies is not part of the "usual, normal, and expected operation of the aircraft." *Olympic Airways v. Husain*, 540 U.S. 644, 651 (2004) (quoting *Saks*,

7

operations of embarking or disembarking. Emotional injuries, however, are not recoverable under the Montreal Convention unless they were caused by physical injuries. *See Erlich*, 360 F.3d at 369-400 (a carrier is liable for mental injuries only to the extent that they were caused by bodily injuries); *Eastern Airlines Inc. v. Floyd*, 499 U.S. 530, 552 (1991) (carriers are not liable for purely mental injuries); *see also El Al Israel*, 525 U.S. at 161 (recovery for personal injury claims "if not allowed under the [Warsaw] Convention, is not available at all.").

Plaintiff alleges that upon receiving her baggage and discovering her missing items she suffered an asthma attack and that as a result she experienced swelling of her hands and feet. Complaint ¶ 13; Plaintiff Affidavit ¶ 10, 15. The cause of plaintiff's asthma attack and subsequent swelling, however, was the alleged theft of the contents of her baggage, not the seizure of her baggage. Thus, even were plaintiff's complaint to be read as stating a cause of action for bodily injury, the injury was not caused by an accident on board the aircraft or in the course of embarking or disembarking. Plaintiff has therefore failed to establish liability under Article 17(1) of the Montreal Convention.[6]

---

470 U.S. at 405-06). Thus, there is a genuine is of fact regarding whether an accident occurred. Nonetheless, this issue of fact is not enough to survive summary judgment because plaintiff has failed to establish a bodily injury.

[6] Plaintiff also cannot recover for emotional injuries caused by the delay of baggage. *See* Def.'s 56.1 Stmt ¶ 19 (plaintiff testified that she suffered "great emotional stress" as a result of the delay of her baggage). Pursuant to Article 19, a carrier is liable for damages caused by delay in the carriage of passengers, baggage, and cargo unless the carrier can prove it took all reasonable measures to avoid the damage or that it was impossible for it to take such measures. Montreal Convention, Art. 19. Although case law analyzing damages caused by delay deal primarily with "bumping" of passengers from flights, the same logic can be extended to cases involving the delay of baggage. In *Daniel v. Virgin Atlantic Airways Ltd.*, 59 F. Supp. 2d 986 (N.D.Cal. 1998), the Court concluded that it could "not logically find that damages for purely emotional injuries caused by delayed arrival are available under the Convention, when damages

8

D.  Defendant's Liability Is Limited for Plaintiff's Stolen And Damaged Baggage

Plaintiff's claim for stolen and damaged baggage is also governed exclusively by the Montreal Convention. Pursuant to Article 17(2), a carrier is liable for damage sustained in the case of "destruction or loss of, or damage to checked baggage" if the loss or damage occurred on board the aircraft or "during any period within which the checked baggage was in the charge of the carrier." As the damage to plaintiff's checked baggage occurred while her baggage was in the charge of defendant, plaintiff's claim is within the scope of the Montreal Convention.

Defendant does not contest that it may be held liable for the damage to plaintiff's baggage. Rather, defendant argues that its liability, if any, is limited by Article 22(2). Pursuant to Article 22(2), a carrier is only liable for 1,000 Special Drawing Rights, unless the passenger made a special declaration of interest at the time the baggage was handed over to the carrier. Article 22(5) provides that this provision does not apply if the "damage resulted from an act or omission of a servant or agent . . . done with intent to cause damage or recklessly and with knowledge that damage will probably result . . . provided that such servant or agent was acting within the scope of its employment."

The Court is not aware of any case law analyzing Article 22(5) of the Montreal Convention; however, courts have previously relied on cases interpreting a provision of the Warsaw Convention where the equivalent provision in the Montreal Convention was substantively the same. *See Paradis*, 348 F. Supp. 2d at 111; *see also Kalantar v. Lufthansa*

---

for purely emotional injuries caused by a near-crash into the ocean are not available." This reasoning was endorsed in the Eastern District of New York in *Fields v. BWIA Int'l Airways*, 2000 WL 1091129, at *6 (JG) (E.D.N.Y. July 7, 2006). Thus, it is unlikely that recovery for emotional injuries caused by delay in baggage would be permitted when recovery for emotional injuries caused by delay in transportation would not.

*German Airlines*, 402 F. Supp.2d. 130, 140 n.10 (D.D.C. 2005). Here, plaintiff alleges that the contents of her baggage were stolen. New York courts interpreting the Warsaw Convention have held that theft by an employee is outside the scope of employment and thus, do not remove the limitation on a carrier's liability.[7] *See Brink's Ltd. v. South African Airways*, 94 Civ. 1902, 1995 WL 225602, at * (S.D.N.Y. Apr. 17, 1995) (collecting cases), *rev'd on other grounds*, 93 F.3d 1022 (1996). Therefore, defendant's liability is limited to 1,000 Special Drawing Rights.

Finally, plaintiff may not recover punitive damages which are expressly prohibited by Article 29 of the Montreal Convention which states that "punitive, exemplary or any other non-compensatory damages shall not be recoverable."

## Conclusion

For the foregoing reasons, defendant's motion for partial summary judgment is granted. Plaintiff's state law claims are preempted by the Montreal Convention and plaintiff has failed to establish liability for her emotional injuries under the Montreal Convention. In addition, defendant's liability for plaintiff's damaged baggage, if any, is limited to 1,000 Special Drawing Rights. Plaintiff's state law claims are hereby dismissed with prejudice.

**SO ORDERED.**

**Dated: Brooklyn, New York
        May 8, 2007**

*Ramon E. Reyes, Jr.*
**Ramon E. Reyes, Jr.
United States Magistrate Judge**

---

[7] Because I find that defendant's liability is limited on other grounds, I need not address plaintiff's claim that she was not permitted to declare a higher value for her baggage. However, the Court notes that plaintiff has failed to allege any facts showing that she was not afforded an opportunity to do so.